RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0129p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee*,

      *v.*

ANDREW DAMARR MORRIS,

                *Defendant-Appellant*.

No. 22-1970

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:07-cr-00193-1—Janet T. Neff, District Judge.

Decided and Filed:  June 22, 2023

Before:  MOORE, McKEAGUE, and MATHIS, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Lawrence J. Phelan, LAWRENCE J. PHELAN, Walker, Michigan, for Appellant. Nils R. Kessler, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

      MATHIS, J., delivered the opinion of the court in which MOORE, J., joined. McKEAGUE, J. (pp. 12–14), delivered a separate opinion concurring in part and in the judgment.

─────────────────

## OPINION

─────────────────

      MATHIS, Circuit Judge.  This is the second time this case comes before us.  The district court previously found Andrew Morris guilty of twelve supervised-release violations and sentenced him to a below-Guidelines sentence of 48 months' imprisonment.  He appealed, and

we vacated the sentence and remanded the case to the district court for resentencing in light of *Borden v. United States*, 141 S. Ct. 1817 (2021).  On remand, the district court sentenced Morris to the same sentence of 48 months' imprisonment, even though that sentence now exceeds the high end of the advisory Guidelines range by 21 months.  Morris appeals again, arguing that his sentence is procedurally and substantively unreasonable.  For the reasons that follow, we vacate Morris's sentence and remand to the district court for resentencing.

**I.**

In 2008, Morris was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) ("Count One"), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Two").  He was sentenced to 156 months' imprisonment, followed by two concurrent five-year terms of supervised release.  Morris began his supervised-release term on June 2, 2016.

In January 2021, the United States Probation Office charged him with seventeen violations of supervised release after he threatened a victim with a pneumatic pistol and led police on a high-speed chase through a residential neighborhood with methamphetamine in his possession.  At the time, the most serious violation conduct was resisting and obstructing police, then classified as a Grade A violation.  With a criminal history category of VI, Morris's advisory Guidelines range was 51 to 63 months' imprisonment.

At the revocation hearing, the government called three witnesses, Rayquan Reese-Hunter, Officer Steve Dibble, and Probation Officer Terry Smith.  Reese-Hunter testified that he flagged down an officer after Morris threatened him with a black semiautomatic pistol.  Officer Dibble testified that following Reese-Hunter's report, he stopped Morris's vehicle, but Morris refused commands to show his hands and then sped off through a residential neighborhood, driving nearly 70 mph and disregarding traffic signals.  Officer Dibble also testified that he saw Morris throw an object wrapped in cellophane and a black pistol—later recovered by a Michigan State Police dive team—into a river.  As the chase continued, Officer Dibble saw Morris throw additional cellophane packages out of the window.  Once officers stopped Morris, they recovered methamphetamine, marijuana, $420 in cash, and a drug ledger from Morris's vehicle and person.

Officer Smith, Morris's probation officer, testified that Morris tested positive for methamphetamine and marijuana use in November 2020, was fired from his job for failing to show up, failed to attend substance abuse counseling, and was generally uncooperative while on supervision.

The district court found Morris guilty of twelve violations, including possessing methamphetamine, using methamphetamine, fleeing police, resisting and obstructing police, possessing marijuana, using marijuana, failing to notify his probation officer of his arrest, and failing to attend substance-abuse counseling. With an advisory Guidelines range of 51 to 63 months, the district court imposed a below-Guidelines sentence of 48 months' imprisonment—48 months on Count Two and time served on Count One.

Morris appealed, and the parties filed a joint motion to remand to the district court for resentencing. We granted the motion, noting that pursuant to *Borden*, Morris's resisting-and-obstructing-police offense no longer qualified as a Grade A violation. *United States v. Morris*, No. 21-1315 (6th Cir. July 15, 2022). As such, we vacated the sentence and remanded the case to the district court for resentencing. *Id.*

Because Morris no longer had a Grade A violation, his new advisory Guidelines range was 21 to 27 months' imprisonment. The USPO did not identify "any aggravating or mitigating factors that may warrant a sentence outside the applicable range of imprisonment[.]" R. 96, PageID 406. The USPO indicated that "[t]he violation conduct may suggest Mr. Morris is either unwilling or unable to change his ways," and recommended consecutive sentences of 24 months for both counts, stating that "[a] consecutive custodial sentence is recommended to conform with the [c]ourt's original sentence where he was sentenced to consecutive sentences on March 20, 2008." *Id.* at 407.

In October 2022, the district court conducted the resentencing hearing. Morris sought a sentence at the low end of the recalculated Guidelines range. At sentencing, he recognized that his past was "really really bad," but asked the court to consider that he had not engaged in misconduct while in prison, had attempted to enroll in several classes that were shut down due to COVID-19, was transferred to the honor camp, and had a very supportive family. R. 110,

PageID 451–52.  Morris apologized to the court and indicated that he wanted to stay out of trouble so that he could complete his supervised-release term.  He was "focused on staying away from all negative and criminal activity and doing what is right going forward."  *Id.* at 454.  The government, on the other hand, asked the district court to impose the same sentence it had previously imposed (48 months' imprisonment), which the court could accomplish by imposing consecutive sentences on Counts One and Two.  At the time of resentencing, Morris had served 22 months in custody.

In sentencing Morris, the district court focused on Morris's prior criminal history, which included convictions for controlled substance offenses, domestic violence, child abuse as a habitual offender, and unlawful firearm possession.  The court observed that "Mr. Morris is not a kid.  He is in his early 40s.  He has been at this for a long time, and the declaration that all of this . . . behavior is now behind him I have to say really does ring hollow."  *Id.* at 454.  The court also discussed Morris's violations, noting that "the most serious ones" involved methamphetamine, "a very dangerous, insidious drug," and Morris's efforts to flee a police officer "in a very dangerous vehicle chase[.]"  *Id.* at 455.  The court stated that it "ha[d] a hard time rationalizing all of [Morris's] prior behavior in the face of what [his counsel said] is and what Mr. Morris [said] as well is . . . a new leaf."  *Id.*  The court did not accept the statements of Morris and his counsel "as an accurate statement of reality."  *Id.*

The court reviewed the new advisory Guidelines range, and in determining Morris's new sentence, the district court stated, "you can pretty much reach the same result as the earlier sentencing because of the discretion to treat the sentencing of the two offenses as consecutive, which I plan to do."  *Id.*  The court then resentenced Morris to two consecutive 24-month terms of imprisonment, with no additional supervised release on Count One and 12 months of additional supervised release on Count Two.  After the district court pronounced the sentence and asked if Morris had anything further, Morris's counsel "object[ed] to the reasonableness of the sentence, both substantive reasonableness and procedural reasonableness[.]"  *Id.* at 457.  This appeal followed.

## II.

We review a sentence imposed by a district court after revocation of supervised release for reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). We will grant relief if there was a legal error, a clearly erroneous finding of fact, or where we are "otherwise left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Hymes*, 19 F.4th 928, 933 (6th Cir. 2021) (citations omitted). Reasonableness review has both procedural and substantive components. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The parties dispute the applicable standard of review for Morris's procedural-reasonableness argument. Generally, "a procedural claim that was not raised as an objection before the district court is subject only to plain error review." *United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022) (citing *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020)). Our determination of the applicable standard turns on whether the district court "ask[ed] the parties whether they have any objections to the sentence just pronounced that have not previously been raised" as required under *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004).

The government argues that we should review Morris's procedural challenges for plain error because "he failed to articulate any defect in the court's reasoning[,]" instead making a "formulaic objection[.]" The government relies on our decision in *United States v. Simmons*, 587 F.3d 348, 355 (6th Cir. 2009), for the proposition that Morris's objection "to the reasonableness of the sentence, both substantive reasonableness and procedural reasonableness," R. 110, PageID 457, is not specific enough to escape plain-error review. While true that a vague objection does not warrant more than plain-error review on appeal, *Simmons* is distinguishable because there, the district court asked the *Bostic* question. *See Simmons*, 587 F.3d at 355–56.

Here, the district court did not ask the *Bostic* question. Following its pronouncement of Morris's sentence, the district court asked if there was "anything further" the parties wanted the court to address. R. 110, PageID 457. But is that enough to satisfy *Bostic*? The answer is no. We have previously held that a district court broadly asking the parties if there is anything else to address does not comport with the procedural rule announced in *Bostic*. *See, e.g., United States*

*v. Batti*, 631 F.3d 371, 379 n.2 (6th Cir. 2011) (holding that the district court asking "[a]nything else concerning sentence?" did not meet the *Bostic* requirement); *United States v. Camacho-Arellano*, 614 F.3d 244, 246–47 (6th Cir. 2010) (applying abuse-of-discretion standard to procedural-reasonableness challenge where the district court asked defense counsel "is there anything else that you need me to address?"); *United States v. Gapinski*, 561 F.3d 467, 473–74 (6th Cir. 2009) (holding that the defendant's failure to object on reasonableness grounds in response to the district court's asking "Anything else for the record, Ms. Lasker?" did "not trigger plain-error review"); *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (holding that asking "Do you have anything further for the record, Mr. Canady?" did not satisfy the *Bostic* requirement).  We therefore review Morris's procedural challenges for abuse of discretion.  *See Batti*, 631 F.3d at 379 n.2.

## III.

### A.  Procedural Reasonableness

Procedural reasonableness requires the district court to "properly calculate the [G]uidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a),[1] refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence."  *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51).  Morris argues that the district court considered impermissible factors and failed to adequately explain his sentence.  We address each argument in turn.

---

[1]Under 18 U.S.C. § 3583(e), only certain § 3553(a) factors are relevant following revocation of supervised release.  Those factors are: (a)(1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (a)(2) "the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct[,] (C) to protect the public from further crimes of the defendant[,] and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (a)(4) "the kinds of sentence and the sentencing range established"; (a)(5) "any pertinent policy statement issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced"; (a)(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (a)(7) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

### 1. Consideration of impermissible factors

We interpret Morris's argument that the district court erred in considering his past criminal history and violation conduct at sentencing as an allegation that the court considered impermissible factors.[2] We disagree with Morris's argument. First, the district court could consider Morris's prior criminal history when sentencing him, even if the criminal history was already factored into his sentencing range under the Guidelines. *See United States v. Lanning*, 633 F.3d 469, 474–75 (6th Cir. 2011); *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009); *see also United States v. Warren*, 771 F. App'x 637, 642–43 (6th Cir. 2019) ("[W]e have declined to impose a 'bright-line rule' that district courts cannot rely on factors accounted for by the Guidelines in imposing a variance[.]" (citing *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010))).

Second, regarding Morris's violation conduct, although the district court may not impose a punishment for the violation conduct itself, it may sanction the "breach of trust" associated with a violation. *See United States v. Johnson*, 640 F.3d 195, 204 (6th Cir. 2011). As such, we have held that district courts may consider the seriousness of the violation conduct when determining the sanction for the breach of trust associated with a supervised-release violation. *Id.* at 203–04; *see Bolds*, 511 F.3d at 582. Thus, it was appropriate for the district court to consider Morris's violation conduct.

### 2. Adequate explanation

The district court failed to adequately explain its decision to impose consecutive sentences. The sentencing court has an obligation to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50 (citing *Rita v. United States*, 551 U.S. 338, 351 (2007)).

---

[2]Both parties framed the consideration of impermissible factors as a substantive reasonableness issue pursuant to *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). As we have previously explained, "members of our Court disagree over whether challenging the district court's consideration of an improper factor is a substantive or a procedural challenge." *United States v. Fowler*, 956 F.3d 431, 440 n.1 (6th Cir. 2020). Because we believe that this issue is properly considered a challenge to the procedural reasonableness of the sentence, we consider Morris's argument as a challenge to the procedural reasonableness of his sentence. *See Rayyan*, 885 F.3d at 442 ("The point [of substantive reasonableness] is not that the district court . . . considered an inappropriate factor; that's the job of procedural unreasonableness.").

"A challenge to a court's decision to impose a consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural.' This is so because an evaluation of the substantive reasonableness of a decision to impose a consecutive sentence depends heavily upon an evaluation of the procedural reasonableness." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). But "[n]o matter how the challenge is characterized, a consecutive sentence is unreasonable if the district court fails to adequately explain why the sentence is consecutive." *United States v. Perez-Rios*, 846 F. App'x 371, 372 (6th Cir. 2021) (citing *United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015)).

Congress has given district courts discretion to decide whether to impose consecutive or concurrent sentences. 18 U.S.C. § 3584(a). In making the determination, courts must consider the § 3553(a) factors, *see* 18 U.S.C. § 3584(b), and must "make[] generally clear the rationale under which it has imposed the consecutive sentence." *Johnson*, 640 F.3d at 209 (emphasis removed) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). But a district court does not have to conduct a separate § 3553(a) analysis to explain its reasons for imposing consecutive sentences; it may rely on its earlier discussion of the § 3553(a) factors. *See Berry*, 565 F.3d at 343. "[A] district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere. Otherwise, meaningful appellate review becomes impossible." *Cochrane*, 702 F.3d at 346 (citation omitted).

When resentencing Morris, the district court identified the new advisory Guidelines range (21 to 27 months) and stated that it could "pretty much reach the same result as the earlier sentencing because of the discretion to treat the sentencing of the two offenses as consecutive[.]" R. 110, PageID 455. The court then sentenced Morris to two consecutive 24-month sentences on Counts One and Two. The only explanation clear from the record is that the district court wanted to impose the same sentence it had previously imposed, despite the significant reduction in the advisory Guidelines range. Such an explanation does not promote the perception of fair sentencing. *See Gall*, 552 U.S. at 50. The district court did not consider many of the relevant

sentencing factors, including but not limited to "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

The district court did not tie its decision to impose the same sentence back to its analysis of the § 3553(a) factors or any sentencing document like the Amended Violation Worksheet. Although we have held that a district court does not abuse its discretion where it imposes a consecutive sentence "in conjunction with or immediately following the court's invocation of the § 3553(a) factors," *United States v. Kitchen*, 428 F. App'x 593, 597 (6th Cir. 2011) (citing *Berry*, 565 F.3d at 343), here, the district court failed to consider most of the relevant § 3553(a) factors. Therefore, we cannot say that the district court satisfied its statutory obligation to consider the § 3553(a) factors when imposing consecutive sentences. *See, e.g.*, *United States v. Ross*, 375 F. App'x 502, 507 (6th Cir. 2010).

Also problematic is the court's failure to explain its decision to increase Morris's sentence on Count One from "time served" to 24 months' imprisonment post-remand. Although the district court was not constrained by its prior decision, the absence of any explanation leaves us to speculate as to the court's reasoning. This is reversible error. *See United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006) ("To the extent that the court hides its reasoning or requires us to ponder and speculate, the more likely we are to find procedural unreasonableness in the court's sentencing determination.").

## B. Substantive Reasonableness

Even if Morris's sentence were procedurally reasonable, it is not substantively reasonable. Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)" and whether "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. Weighing the factors "is a matter of reasoned discretion, not math." *Id.*

Under § 3553(a), the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). A sentence within the Guidelines range is presumed substantively reasonable, but a sentence outside the Guidelines

range is not. *Gall*, 552 U.S. at 51. In assessing substantive reasonableness, we "consider[] the totality of the circumstances, including 'the extent of any variance from the guidelines range.'" *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022) (quoting *Bolds*, 511 F.3d at 581). The degree to which the sentence deviates from the Guidelines range is important, and there must be a "justification [that] is sufficiently compelling to support the degree of variance." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). "The greater the variance, the more compelling the justification must be." *Id.* When varying outside of the Guidelines range, the district court should explain "how the present case is different from the typical or mine-run case that occupies the heartland to which the Commission intends individual Guidelines to apply." *Id.* (citations and quotations omitted). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51; *see also Bolds*, 511 F.3d at 581.

Morris argues that his sentence is substantively unreasonable because the district court provided "insufficient grounds" for imposing a sentence nearly double the high end of the Guidelines range—a significant upward variance. The government argues that the district court "considered all the variables, and reasonably determined that a 48-month sentence remained the appropriate sanction for the same conduct it had considered at the original sentencing."[3]

Morris has the better argument. In fashioning Morris's sentence, the district court considered Morris's prior criminal history and the seriousness of his violation conduct but seemingly ignored the other § 3553(a) factors and imposed a sentence to "reach the same result as the earlier sentencing." While the court was entitled to consider Morris's criminal history, the Guidelines already take account of that factor, so "imposing an extreme variance based on that same criminal history" would be inconsistent with the sentencing goals of § 3553(a). *Warren*, 771 F. App'x at 642 (citing *United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012); *United States v. Borho*, 485 F.3d 904, 912–13 (6th Cir. 2007)).

---

[3]The government also argues that the imposition of consecutive sentences was substantively reasonable. Because we find that the imposition of consecutive sentences was not procedurally reasonable, we need not address the government's argument.

In analyzing the nature and circumstances of the offense, the district court should have considered only Morris's conduct for his original offenses, not the violation conduct. *See United States v. Byrd*, 843 F. App'x 751, 759 (6th Cir. 2021) ("When § 3553(a) speaks of 'the nature and circumstances of the offense,' it refers to the offense of conviction, rather than the violation conduct." (quoting *Johnson*, 640 F.3d at 203)); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) (holding that "postrevocation penalties relate to the original offense").   But "[e]ven assuming the district court was sanctioning the breach of trust rather than the violation conduct [with its sentence], the question of whether it improperly weighed the § 3553(a) factors remains." *Byrd*, 843 F. App'x at 760.  The district court did not consider, or otherwise weigh, many of the other pertinent § 3553(a) factors.  Moreover, the district court failed to explain how or why this case differs from the typical supervised-release violation case. *See Perez-Rodriguez*, 960 F.3d at 754.  The district court's consideration of just a few of the pertinent sentencing factors and its desire to impose the same sentence it had previously imposed was not sufficiently compelling to justify a 21-month upward variance. *See id*.

Despite our "highly deferential review," *Rayyan*, 885 F.3d at 442, we conclude that the district court improperly weighed the § 3553(a) factors by placing considerable weight on a couple of factors and no weight on several other factors.  This renders the sentence in this case substantively unreasonable. *See United States v. Robinson*, 669 F.3d 767, 775 (6th Cir. 2012). Contrary to the government's argument, the record simply does not show that the district court "considered all of the variables."

## IV.

For these reasons, we **VACATE** Morris's sentence and remand for resentencing.

---

**CONCURRING IN PART AND IN THE JUDGMENT**

---

McKEAGUE, Circuit Judge, concurring in part and concurring in the judgment. I agree with my colleagues that the district court failed to adequately explain its chosen sentence. Although a district court need not "recite and analyze each § 3553(a) factor," *United States v. Robinson*, 503 F.3d 522, 530 (6th Cir. 2007), the sentencing judge must still "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking," *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2021) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Indeed, "meaningful appellate review [is] the touchstone of procedural reasonableness." *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (internal quotation marks and citation omitted). Here, however, the district court failed to offer sufficient explanation to facilitate our review.

Beyond acknowledging Morris's prior criminal history, listing some of Morris's supervised-release violations, and identifying the advisory Guidelines range applicable on remand, the district court provided no further explanation—and no analysis of the remaining § 3553(a) factors—to support its chosen sentence. And more specifically, the district court offered no rationale for its decision to impose consecutive sentences. Instead, the court simply stated it that it could "pretty much reach the same result as the earlier sentencing because of the discretion to treat the sentencing of the two offenses as consecutive." R. 110, PID 455. We have held that a district court abuses its discretion when, as here, its decision to impose consecutive sentences "does not include a separate discussion of the § 3553(a) factors *and* the decision appears to be 'divorced' from the analysis of the § 3553(a) factors that is required before imposing a general sentence." *United States v. Kitchen*, 428 F. App'x 593, 597 (6th Cir. 2011) (emphasis in original).

Although we generally defer to a district court's sentencing determinations, the uniquely sparse sentencing transcript at issue in this case has left us little to review. I therefore agree that Morris's sentence must be vacated and remanded to the district court on procedural grounds.

I disagree, however, with my colleagues' conclusion that Morris's sentence is substantively unreasonable. "A claim that a sentence is substantively unreasonable is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "The point [of substantive unreasonableness] is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Rather, substantive unreasonableness is a concern "that the court placed too much weight on some of the § 3553(a) factors and too little on others." *Id.* But because the district court's weighing of the § 3553(a) factors "is a matter of reasoned discretion, not math," our review is highly deferential. *Id.* And that is particularly the case in the "discretion-filled context of supervised release." *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009).

Morris was initially convicted of possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug-trafficking crime. His prior criminal history included, among other things, controlled substance offenses, domestic violence, and child abuse as a habitual offender. Following his term of imprisonment, Morris was found guilty of twelve supervised-release violations, which included possession of methamphetamine and resisting and obstructing police. At one point, Morris even pointed a pneumatic pistol at a victim before leading police on a high-speed chase through a residential area, with methamphetamine in his possession. Given this background, the sentencing judge determined that, "[Morris] has been at this for a long time, and the declaration that all of this . . . behavior is now behind him I have to say really does ring hollow." R. 110, PID 454. Thus, measuring the "totality of the circumstances," as we must, *Gall v. United States*, 552 U.S. 38, 51 (2007), I simply cannot agree that Morris's 48-month sentence is too long. Instead, I agree with the government: the district court "reasonably determined that a 48-month sentence remained the appropriate sanction for the same conduct it had considered at the original sentencing." Appellee Br. at 16.

The lead opinion argues that the district court failed to "consider, or otherwise weigh, many of the . . . pertinent § 3553(a) factors." Maj. Opn. at 11. But as stated above, which sentencing factors the district court *considers* goes to form (i.e., procedure) rather than substance. *See Rayyan*, 885 F.3d at 442. And the lead opinion's concern with the district court's justification for its 21-month upward variance is equally unpersuasive. We have routinely upheld

above-Guidelines sentences in the context of multiple and repeated supervised-release violations. *See, e.g., United States v. Glass*, 749 F. App'x 434, 441–42 (6th Cir. 2018) (upholding a fifteen-month upward variance, even where the district court failed to articulate its reasoning, because the defendant seriously and repeatedly violated her supervised-release terms); *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (upholding the imposition of the statutory maximum term of imprisonment given the defendant's repeated supervised-release violations and continued criminality).

Morris's substantive-reasonableness argument "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. Goode*, 834 F. App'x 218, 221 (6th Cir. 2020) (quoting *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020)). "But our job is not to rebalance the factors; it is to ensure that the district court's balance was reasonable." *Id.* And here, the district court's weighing of Morris's criminal history and violation conduct did not amount to an abuse of discretion. I therefore part ways with my colleagues and would find that Morris's 48-month sentence was substantively reasonable.

Ultimately, however, because the district court procedurally erred by failing to consider pertinent § 3553(a) factors and by neglecting to articulate its reasoning, I respectfully concur in the majority opinion in part and concur in the judgment.