NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0403n.06

No. 23-5977

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 10, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) | |
| JIMMY JAMES JONES, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
|  | ) | |

Before: SUTTON, Chief Judge; LARSEN and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Following his release from prison, Jimmy Jones admitted to violating the conditions of his supervised release. The district court subsequently sentenced him to 18 months' imprisonment. Jones now challenges the reasonableness of that sentence. We AFFIRM.

I.

In 2014, a jury convicted Jimmy Jones of various drug charges. The district court sentenced him to 78 months' imprisonment, to be followed by a lifetime term of supervised release. Jones was released from prison in 2018. In 2020, a probation officer alleged that Jones had violated his conditions of supervised release when he refused to take a drug test, possessed marijuana, and traveled outside the district without first obtaining permission. In 2023, the probation officer again alleged that Jones had violated his conditions, this time by resisting arrest, possessing fraudulent identification, and again leaving the district without permission and refusing

to take a drug test. Jones admitted to the 2020 violations of marijuana possession and traveling outside the district without permission, and the government dismissed any charges relating to the remaining alleged violations. The district court then sentenced Jones to 18 months' imprisonment, with no term of supervised release to follow.

## II.

Jones first challenges the procedural reasonableness of his sentence, arguing that the district court relied on impermissible factors. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Because Jones didn't object below, we review his challenge for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

A district court may revoke a term of supervised release after considering the factors listed in 18 U.S.C. § 3553(e). *See United States v. Esteras*, 88 F.4th 1163, 1166–68 (6th Cir. 2023). The district court did just that here, and didn't err, plainly or otherwise, when concluding that an 18-month sentence was appropriate.

The district court explained the violations, noting that Jones had initially lied to his probation officer about why he had traveled out of the district, and that Jones was using marijuana "over and over." R. 252, Sentencing Transcript, PageID 1372. The court explained that the probation officer had tried to work with Jones but the "record [was] replete with failures by [him] to comply with [the officer's] directions." *Id.* at 1373. Jones had repeatedly "failed to respect the authority of [his] probation officer, the Court's authority, as well as the marshal service." *Id.* The court noted that Jones had not admitted to the 2023 violations, or the 2020 charge of refusing a drug test, but the court explained that they were akin to "relevant conduct," demonstrating "the entirety of the lack of respect for the Court." *Id.* The court also "reviewed the presentence report" and "the defendant's prior criminal history," before landing on the 18-month sentence. *Id.* The

court then explained that it had decided against imposing an additional supervised release term because supervised release had not proved effective, requiring countless hours of supervision by Jones's probation officer. *Id.* at 1374. This was "one of the reasons why the Court went to the top of the guideline range." *Id.* Finally, the court explained that it had chosen to run the sentences concurrently, not consecutively, because Jones had "admitted to the violations" and "avoided a hearing." *Id.* In sum, the court adequately explained the sentence.

Jones argues that the court considered impermissible factors by focusing on the seriousness of the conduct causing the admitted-to supervised released violations, rather than the original conviction that led to his term of supervised release. But "courts may consider the seriousness of the violation conduct when determining the sanction for the breach of trust associated with a supervised-release violation." *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023). And in any event, the court did more than that, as detailed above.

Jones next argues that the district court erred by looking at the alleged supervised release violations that the government agreed to dismiss when fashioning the sentence. But any mention of the dismissed conduct was brief. The court acknowledged that Jones "didn't admit to the [other alleged] violations," but merely noticed them as background evidence of Jones's long history of failing to listen to the court and its officers. R. 252, Sentencing Transcript, PageID 1373. Jones offers no case to suggest that such conduct amounts to consideration of an impermissible factor. For these reasons, Jones's sentence was procedurally reasonable.

Jones also nominally asserts a challenge to the substantive reasonableness of his sentence. A within-Guidelines sentence is presumed reasonable, and it is Jones's burden to overcome that presumption. *See Vonner*, 516 F.3d at 389–90. Jones's appellate briefing offers no argument supporting his substantive-reasonableness challenge, so whether we consider his claim on the

merits, or consider it forfeited for failure to develop an argument, his challenge cannot succeed. *See United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999) (A party forfeits issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (citation omitted)).

\* \* \*

We AFFIRM.