NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0342n.06

No. 24-3736

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 14, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| TRAVIS O'HEARN, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: KETHLEDGE, MURPHY, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Travis O'Hearn pled guilty to having knowingly failed to register as a sex offender for more than a year after he moved to Ohio. The district court imposed an above-Guidelines sentence of 60 months in prison and a life term of supervised release. O'Hearn now challenges both aspects of his sentence as procedurally and substantively unreasonable. We reject his arguments and affirm.

I.

O'Hearn has three prior convictions for sexual assault in New Hampshire. In 2004, at age 19, O'Hearn sexually assaulted two minor girls—age 13 and 14—on separate occasions. He served nearly six years in state prison before being paroled in 2012. Just two months later, O'Hearn forcibly penetrated a 16-year-old girl and was convicted of aggravated sexual assault. He served about five years in prison and began serving parole in 2018. His aggravated-assault conviction made O'Hearn a "Tier III" sex offender under the Sex Offender Registration and Notification Act (SORNA), obligating him to register as a sex offender for life. *See* 34 U.S.C.

§§ 20911(4), 20913, 20914, 20915.  That means O'Hearn must register as a sex offender (and keep that registration current) in every jurisdiction where he resides, works, or goes to school, *see id*. at § 20913, and he must provide, among other things, an address for "each residence at which [he] resides or will reside," *id*. at § 20914(a)(3).

In January 2019, while on parole, O'Hearn failed to report a change of address as required. He was convicted under state law of failing to register as a sex offender and received a six-month jail sentence.  O'Hearn had his parole revoked twice after that—including for not attending sex-offender treatment and for not staying at his approved residences—for which he served two periods of incarceration between 2020 and 2022.

O'Hearn was released on parole again in May 2022.  At that time, he registered as a sex offender with the New Hampshire Adult Parole Board and reported his residence as an address in Manchester, New Hampshire.  But in July 2022, local authorities visited that address and discovered that O'Hearn had never lived there, so police obtained an arrest warrant.

O'Hearn later admitted that he moved to a girlfriend's residence in Parma Heights, Ohio, in 2022, and knowingly failed to register as a sex offender there.  O'Hearn found work starting that November, first as a dishwasher and later detailing cars.  Between those jobs, he also worked four months with an amusement park company that set up carnivals around Ohio.  Law enforcement eventually tracked down O'Hearn through social media.  In early 2024, federal authorities confirmed that O'Hearn was living at the same address in Parma Heights and arrested him.

A federal grand jury charged O'Hearn with failing to register as a Tier III sex offender between November 2022 and February 2024.  *See* 18 U.S.C. § 2250(a).  O'Hearn pled guilty with an agreement that the parties would recommend a within-Guidelines sentence.  A probation officer

calculated his Guidelines range as 30 to 37 months in prison—based on an offense level of 13 and a criminal history category of V—to be followed by a minimum of five years of supervised release. Neither party objected to the presentence report. At sentencing, defense counsel asked for a 30-month sentence, while the government asked for 37 months. Instead, the district court varied upward to impose a 60-month term of imprisonment—an increase of 62 percent from the top of the Guidelines range—and a life term of supervised release. This appeal followed.

II.

A.

O'Hearn challenges the procedural reasonableness of his sentence. But he failed to raise his objections when prompted at sentencing. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). When, as here, a defendant makes only a general objection, we review for plain error. *See United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009). To be plain, an error must be obvious or clear and it must affect the defendant's substantial rights and the fairness of the judicial proceedings. *Id.* at 360.

A sentence is procedurally unreasonable if the district court fails to explain its chosen sentence or to consider the statutory factors from 18 U.S.C. § 3553(a). *See United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). A district court need not discuss each § 3553(a) factor. *See United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). Rather, the district court should explain enough to demonstrate that it considered the parties' arguments and had a reasoned basis for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the district court not only said it would consider the § 3553(a) factors, but its explanation shows that it did. The court justified the sentence by pointing to O'Hearn's history, which included his multiple convictions for sexual assault of minors and his repeated violations of

parole. *See* 18 U.S.C. § 3553(a)(1). The court also pointed to the "nature and circumstances of the offense," explaining that sex-offender registration laws exist so the police and the public can keep track of offenders like O'Hearn. *See id.* Yet O'Hearn knowingly evaded registration and then spent four months working in amusement parks where children go without their parents. The court concluded that O'Hearn's offense was not a "run-of-the-mill" failure to register—particularly given that he had a prior conviction for failing to register as a sex offender. *See id.* § 3553(a)(2)(A). Finally, the court emphasized the need for adequate deterrence and public safety because O'Hearn had repeatedly attempted to avoid accountability by failing to register as a sex offender. *Id.* § 3553(a)(2)(B) and (C). The law requires nothing more.

O'Hearn counters that the district court could not consider two of the § 3553(a) factors—his criminal history and offense conduct—because the Guidelines already took them into account. But we rejected the same procedural challenge in *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023). O'Hearn also faults the district court for not expressly mentioning "the need to avoid unwarranted sentencing disparities" under § 3553(a)(6). But the court necessarily considered such disparities when it calculated the Guidelines range and concluded that this was not a mine-run case. *See United States v. Simmons*, 501 F.3d 620, 625-26 (6th Cir. 2007).

Finally, O'Hearn contends that the district court failed to explain its reasons for the above-Guideline supervised-release term. But the court considers most of the same § 3553(a) factors when deciding to impose supervised release. *See* 18 U.S.C. § 3583(c); *Solano-Rosales*, 781 F.3d at 352. Here, the record shows that the district court's reasons for the 60-month prison sentence were also the reasons for imposing a life term of supervised release. *See United States v. Zabel*, 35 F.4th 493, 509 (6th Cir. 2022). And those reasons supported a life term of supervised release because, the court said, O'Hearn did not seem able to conduct himself appropriately without

supervision. The district court's explanation was more than adequate, so it did not plainly err.

B.

O'Hearn also challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-Guidelines sentence is not presumed reasonable—or unreasonable. *Solano-Rosales*, 781 F.3d at 356. But a greater variance "should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

Here, the district court varied upward from the Guidelines—from 37 months to 60 months of imprisonment and from at least five years to lifetime supervised release. A district court may vary upward when, as here, it reasonably concludes that the case is not a typical or "mine-run" case under the Guidelines. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). We agree with the district court that O'Hearn's offense was not a "run-of-the-mill" failure to register—particularly given his multiple convictions for sexual assault of a minor, his repeated failure to register as a sex offender, and his inability "to conduct [him]self in an appropriate way without the federal authorities being watchful over [him]." We thus "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

O'Hearn argues that the district court put too much emphasis on criminal history, deterrence, and public safety, while ignoring the need to avoid unwarranted sentencing disparities. A sentence is substantively unreasonable when the district court puts "too much weight" on some § 3553(a) factors and "too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018); *see also Zabel*, 35 F.4th at 509-10. But O'Hearn essentially "asks us to balance the factors *differently* than the district court did," which we cannot do. *United States v. Ely*, 468 F.3d 399,

404 (6th Cir. 2006). The district court reasonably considered the nature of O'Hearn's prior convictions and their relation to this offense. And the court was well within its discretion to give more weight to the need to provide adequate deterrence and to protect the public—not least because O'Hearn will continue to be subject to lifetime sex-offender registration under SORNA. *See United States v. Drake*, 126 F.4th 1242, 1246-47 (6th Cir. 2025).

\* \* \*

The district court's judgment is affirmed.