NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0090n.06

Case No. 25-3107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 19, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| BRIAN KING, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BOGGS, NALBANDIAN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Brian King completed a prison sentence for federal drug-trafficking offenses. Less than four months later, King was arrested on state drug-trafficking charges, violating the terms of his supervised release. The district court revoked his supervised release and sentenced him to 24 months' imprisonment. On appeal, King challenges the procedural reasonableness of his revocation sentence. Finding no error, we affirm.

**I.**

In 2018, a grand jury indicted King on two counts of distributing cocaine base and one count of possessing cocaine base with intent to distribute. King pleaded guilty, and the district court sentenced him to 67 months' imprisonment followed by five years of supervised release.

King began his term of supervised release in February 2024. In May 2024, King was arrested on several state felony charges, including drug trafficking. By committing new law violations, King had violated the conditions of his supervised release. King waived his right to a revocation hearing and admitted to the violations.

At sentencing, the district court determined that King's advisory Sentencing Guidelines range for the violations was 21 to 27 months' imprisonment. After considering the pertinent sentencing factors and the Guidelines' policy statements, the court imposed a sentence of 24 months' imprisonment. In doing so, the district court explained that this sentence would "reflect the seriousness of the violations, promote respect for the law, provide just punishment for the violations[,] and afford adequate deterrence." R. 65, PageID 327. After King objected to the district court's consideration of "the need to punish [and] reflect the seriousness of the violation[s]," the district court responded that "even if [it] didn't consider the need to punish and even if [it] just considered all the other applicable factors," it would "still impose the 24-month sentence." *Id.* at 329–30. The court added that King's "complete breach of the court's trust in returning to this criminal activity within months of beginning supervision" was "another independent basis for the sentence." *Id.* at 330. King timely appealed.

## II.

We review challenges to a sentence's reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). Like other criminal sentences, a sentence imposed upon revocation of supervised release must be procedurally reasonable. *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018). A district court imposes a procedurally unreasonable sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [applicable] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural reasonableness also requires district

courts to "refrain from considering impermissible factors." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).

### III.

King argues that his revocation sentence was procedurally unreasonable.[1] Specifically, he contends that the district court based its sentence on impermissible factors, including the seriousness of King's state drug offenses and his breach of the court's trust. We disagree.

Typically, district courts must consider all applicable factors set out in 18 U.S.C. § 3553(a) when imposing a sentence. *See Gall*, 552 U.S. at 51; *United States v. Trejo-Martinez*, 481 F.3d 409, 412–13 (6th Cir. 2007). But revocation sentences are different. When imposing a sentence upon revocation of supervised release, district courts must consider all applicable § 3553(a) factors except § 3553(a)(2)(A) and § 3553(a)(3). 18 U.S.C. § 3583(e)(3). Relevant here, § 3553(a)(2)(A) accounts for the "retributive purposes of sentencing" by requiring district courts to consider the need for the sentences they impose to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Esteras v. United States*, 606 U.S. 185, 192 (2025) (quoting 18 U.S.C. § 3553(a)(2)(A)).

In *Esteras*, the Supreme Court held that when a district court revokes supervised release, it cannot consider retribution for "the underlying crime of conviction"—that is, the original offense for which the defendant was sentenced. *Id.* at 193–94. The Court, however, took "no position" on the issue before us: whether § 3583(e)(3) precludes a district court from considering the seriousness of the conduct underlying the supervised-release violation. *Id.* at 194 n.5. But we have. Both before and after *Esteras*, we have concluded that district courts may consider the

---

[1] King purports to challenge his sentence on both procedural and substantive grounds. But he disputes only whether the court considered permissible factors, without addressing how the district court weighed them. Thus, King's challenge sounds in procedural reasonableness.

seriousness of the violation for the limited purpose of sanctioning the defendant's breach of the court's trust. *United States v. Patterson*, 158 F.4th 700, 702–03 (6th Cir. 2025); *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023).

In sum, district courts may not use revocation sentences to punish defendants a second time for the original offense. *Esteras*, 606 U.S. at 193–94. But district courts are permitted to sanction defendants for the breach of the court's trust that comes with violating supervised release. *Patterson*, 158 F.4th at 702.

The district court did not err in considering retributive factors for King's violation conduct. It did so only to sanction King's breach of trust. Throughout the sentencing hearing, the district court understood that its role was to sanction King's supervised-release violations, not his original offense. The court explained that King's sentence would "reflect the seriousness of the *violations*, promote respect for the law, [and] provide just punishment for the *violations*." R. 65, PageID 327 (emphasis added). In addressing King's new drug offenses, the district court emphasized King's total disregard for the terms of his supervised release. For example, the court found it particularly troubling that King, mere months into his supervised-release term, engaged in drug trafficking. True, the district court also emphasized the danger that drug trafficking poses to the public. But public safety is a permissible factor to consider in revocation proceedings. *See* 18 U.S.C. § 3583(e)(3) (incorporating 18 U.S.C. § 3553(a)(2)(C) by reference). Finally, the district court clarified that King's "complete breach of the court's trust," along with the other § 3553(a) factors that it could properly consider, justified King's 24-month sentence. R. 65, PageID 330.

King pushes back. He reads *Esteras* as a blanket prohibition on any consideration of retribution for anything in revocation proceedings. But *Esteras* "address[ed] only whether § 3583(e) precludes [district courts] from considering retribution for the underlying criminal

conviction." 606 U.S. at 194 n.5. The Court took "no position on whether" retribution for the violation conduct is a "permissible consideration." *Id.*

King also claims that the district court erred in considering his breach of the court's trust when imposing the revocation sentence. He contends that breach of trust is an impermissible factor because it is not mentioned in 18 U.S.C. § 3583(e). But again, our precedent permits district courts to consider a defendant's breach of trust when imposing revocation sentences. *Patterson*, 158 F.4th at 702–03; *Morris*, 71 F.4th at 482.

## IV.

For these reasons, we **AFFIRM** the district court's judgment.