NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0227n.06

Case No. 25-3901

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 22, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| MOHAMED SHARIF ALI MOHAMED, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Mohamed Mohamed violated his supervised release conditions by leading police officers on a high-speed car chase. He went to prison for that violation and then got out on supervised release—again. But Mohamed wasn't finished. He was arrested for leading officers on another car chase and didn't report that arrest to his probation officer. So the district court revoked his latest supervised-release term and ordered him reimprisoned for a term of twelve months. Mohamed thinks that this sentence is procedurally infirm and substantively unreasonable. But his challenges are meritless, so we AFFIRM.

**I.**

Mohamed began writing his criminal history when he pleaded guilty to participating in a gun-running conspiracy. The district court sentenced him to 24 months' imprisonment, followed by three years of supervised release. During that supervised-release term, he fled from the police at over twice the highway speed limit. But he blew his tire, so the police caught up on foot. For

this episode, the district court imposed three months' imprisonment, followed by 18 months of supervised release. That brings us to the instant violation. Mohamed violated his latest supervised-release conditions by fleeing from the police (again), sailing through a red light, and hitting another car—before ramming a utility pole. And he failed to notify his probation officer of this arrest, failed and missed drug screenings, and failed to report to probation as instructed.

The district court held a revocation hearing. It lamented that it's "seen a lot of Mr. Mohamed" before listing his slew of supervised-release violations. R.542, Transcript, PageID 2741. Mohamed stipulated to them all. But he pointed to mitigating circumstances: he accepted responsibility, he sought drug treatment, and he failed to contact probation only because the police took his phone. The government filled in a few details. It explained that Mohamed's family had the probation officer's phone number. It noted that the police found drugs in Mohamed's car or on him after both chases. And it cast doubt on his work and schooling. The district court heard about questionable pay stubs and about a school that might not exist. Finally, the government raised Mohamed's dismal drug-testing history: three positives, a diluted sample, and ten missed appointments. It urged that Mohamed wasn't a student or an employee, but a drug dealer with a penchant for making excuses.

The district court concluded that Mohamed hadn't learned his lesson. So it varied upward from the Guidelines range of three to nine months to impose twelve months' imprisonment. It expressed its continued concern about Mohamed's "pattern of criminal conduct and dishonesty." *Id.* at PageID 2750. It observed that the latest chase amounted to "extremely dangerous conduct." *Id.* And it stressed that it needed to "get [Mohamed's] attention somehow." *Id.* at PageID 2752.

This appeal followed.

**II.**

Mohamed mounts two challenges to the district court's decision. First, he contends that the district court procedurally erred. And second, he argues that the district court imposed a substantively unreasonable sentence. Neither challenge holds water. We'll address each in turn.

**A.**

We'll start with Mohamed's procedural-error challenge. That's a claim that the district court "failed to consider a factor or considered an inappropriate factor." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Mohamed didn't preserve this challenge, so we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Mohamed's procedural-error challenge rests on a single case: *United States v. Hoyle*, 148 F.4th 396 (6th Cir. 2025). In that case, the district court combined the defendant's supervised-release revocation hearing with a sentencing hearing for a new criminal charge. *Id.* at 401–02. But supervised-release violations and substantive offenses implicate distinct sentencing considerations. Importantly, district courts can't consider the "need for the sentence imposed" to "reflect the seriousness of the [original] offense" in revoking supervised release and imposing reimprisonment. 18 U.S.C. §§ 3553(a)(2)(A), 3583(e); *Esteras v. United States*, 606 U.S. 185, 195 (2025). So because the district court in *Hoyle* didn't "specify which factors it applied to the substantive offense and which ones it applied . . . for the supervised-release violation," we reversed in part. 148 F.4th at 406–07.

But this case isn't *Hoyle*. Here, "the district court held only a hearing on revocation of supervised release—it didn't simultaneously sentence [Mohamed] for a new offense." *United States v. Patterson*, 158 F.4th 700, 703 (6th Cir. 2025). That is, it didn't tempt procedural error by mixing revocation with sentencing. And while a revocation-only hearing doesn't rule out an

*Esteras* error (though it certainly helps), the district court didn't commit one here. It considered Mohamed's "extremely dangerous" violation conduct as part of his "pattern of criminal conduct and dishonesty." R.542, PageID 2750. But it didn't even allude to Mohamed's original offense. So there's no error to speak of. *See Patterson*, 158 F.4th at 703 (district court permissibly considered the "seriousness of [the defendant's] supervised-release violation" as a breach of trust); *United States v. Johnson*, 2026 WL 50666, at *3 (6th Cir. Jan. 7, 2026) (district court properly sanctioned defendant's reckless-driving violation as a breach of trust).

**B.**

Next, we'll turn to Mohamed's substantive-reasonableness challenge. That's a claim that his revocation sentence is "too long" because the district court "placed too much weight on some of the § 3553(a) factors and too little on others." *Rayyan*, 885 F.3d at 442. While we apply a presumption of reasonableness to within-Guidelines sentence, we don't apply a presumption of unreasonableness for sentences outside the Guidelines range. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011). We review these challenges under an abuse-of-discretion standard. *United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022).

Mohamed contends that the district court departed upward to punish him for his violation conduct. Appellant Br. at 16. True, that would render his sentence substantively unreasonable because "postrevocation penalties relate to the *original* offense." *Johnson*, 640 F.3d at 203 (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)); *see also United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023) (district courts "may not impose a punishment for the violation conduct itself" but "may sanction the breach of trust associated with a violation" (citation modified)). But the district court didn't do that here. It recounted Mohamed's violation conduct as part of a "pattern of . . . dishonesty," demonstrating a lack of "true desire to rehabilitate or . . . to

be law-abiding." R.542, PageID 2750. In other words, the district court sanctioned Mohamed's breach of trust—it didn't punish him for his violation conduct. And that's clearly permissible under our precedent. *Patterson*, 158 F.4th at 702–03; *Johnson*, 2026 WL 50666, at *3.

### III.

For these reasons, we AFFIRM.