RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0085p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MARY JANE KIMBERLY LEE JOHNS,

*Defendant-Appellant.*

No. 21-2908

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:00-cr-80913-1—George Caram Steeh III, District Judge.

Decided and Filed:  April 25, 2023

Before:  SUTTON, Chief Judge; BOGGS and READLER, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Benton C. Martin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Detroit, Michigan, for Appellant.  Sara D. Woodward, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

CHAD A. READLER, Circuit Judge.  More than two decades ago, Mary Jane Johns kidnapped her ex-girlfriend at gunpoint and sexually assaulted her.  Following her arrest and pretrial release, Johns absconded from federal law enforcement, staying on the lam for roughly 16 years.  When the law eventually caught up to Johns, she was convicted of three separate federal offenses, resulting in a 168-month sentence.  Intervening Supreme Court jurisprudence, however, cast doubt on the viability of one of those charges.  Accordingly, the district court

resentenced Johns to 151 months in prison for the remaining charges. Johns asserts that her new sentence is unreasonable. For the reasons stated, we affirm.

**I.**

The facts surrounding Johns's underlying crimes are aptly detailed in our prior panel opinion. *See United States v. Johns*, 759 F. App'x 367, 368–69 (6th Cir. 2018). So we skip ahead to Johns's 2021 resentencing hearing. Resentencing was necessary due to the district court's decision to vacate Johns's 18 U.S.C. § 924(c) conviction under 28 U.S.C. § 2255 in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and to evaluate the sentence anew. Even without the § 924(c) conviction, Johns remained convicted of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and failing to appear following her pretrial release, in violation of 18 U.S.C. § 3146(a)(1). All parties agreed that the governing Guidelines range was 121 to 151 months on the two charges.

Johns requested a sentence below that range. Among the various mitigating circumstances pointed to in her sentencing memorandum, Johns argued that her deteriorating health counseled for a reduced sentence. She attached medical records to her memorandum detailing several health conditions from which the 51-year-old suffered. At the resentencing hearing, Johns's attorney repeated many of the mitigation arguments from the memorandum and mentioned that Johns was experiencing "severe back and foot pain."

Johns's plea for leniency gained little traction in the district court. It viewed any mitigating circumstances as "more than offset by the aggravating circumstances" of Johns's case—namely, that Johns committed a brutal kidnapping that resulted in severe trauma to her victim compounded by the delay resulting from when Johns absconded from federal authorities. The district court opted to impose a sentence at the top of the Guidelines range. Johns's timely appeal followed.

**II.**

Johns challenges the reasonableness of her new sentence. A sentence may be unreasonable if the district court's process for arriving at the sentence was erroneous. *United States v. Rayyan*,

885 F.3d 436, 440 (6th Cir. 2018). Procedural unreasonableness can occur, for instance, when the district court wholly fails to address "legitimate mitigating arguments raised by the defendant." *United States v. Sweeney*, 891 F.3d 232, 239 (6th Cir. 2018). In contrast, a substantive reasonableness challenge focuses on the length of the sentence itself, *see United States v. Clayton*, 937 F.3d 630, 643 (6th Cir. 2019), asking if the sentence is "too long (if a defendant appeals) or too short (if the government appeals)." *Rayyan*, 885 F.3d at 442. We ordinarily consider challenges to a sentence's reasonableness for an abuse of discretion, meaning we grant relief only for an error of law, a clearly erroneous finding of fact, or where we are otherwise left with the "definite and firm conviction" that the district court erred. *See United States v. Hymes*, 19 F.4th 928, 932–33 (6th Cir. 2021) (citations omitted). But where, as here, the defendant fails to lodge any objection at the end of sentencing after being invited to do so, we review any procedural claim for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). That means Johns must show (1) an error, (2) that was obvious or clear, (3) that affected her substantial rights, and (4) that affected the fairness, integrity, or public reputation of her judicial proceedings. *Id.* at 386.

## A.

Johns begins with a procedural reasonableness claim—that the district court failed to "adequately explain[]" why Johns's health concerns did not counsel for a reduced sentence. But that argument does not clear the high hurdle of plain error review. The district court's decision to discuss generally Johns's many arguments for mitigation and not specifically address each potential ground she raised for leniency hardly seems like an obvious error. Point in fact, we have never required district courts to engage in a "formulaic point-by-point refutation of a defendant's mitigation arguments." *Sweeney*, 891 F.3d at 239; *see also Rita v. United States*, 551 U.S. 338, 359 (2007) (holding that "conceptually simple" matters, like a variance request based upon a defendant's health, do not require extensive consideration). Particularly so, as was the case here, when a defendant raises a bevy of mitigation arguments all falling under the general rubric of "history and characteristics," which collectively may matter little when weighed against the reality of a serious federal offense. *United States v. Brinda*, 851 F. App'x 565, 569 (6th Cir. 2021). In fact, it is hard to believe that any additional analysis of Johns's

health records by the district court would alter its well-taken view that Johns's underlying conduct—armed kidnapping, rape, and absconding from justice for 16 years—warranted a significant sentence.  In any event, Johns's recently developed health issues would never have been a subject at the resentencing hearing had Johns not absconded from justice for nearly 16 years, a period that well exceeded her final time to be served here.  Put differently, had Johns never fled, her sentence would have finished before the onset of her health issues.  To find otherwise, and further delay the resolution of this case, is a result deeply at odds with "the fairness, integrity, or public reputation of judicial proceedings."  *Vonner*, 516 F.3d at 386.

Against all this, Johns points our attention to *United States v. Gapinski*, 561 F.3d 467 (6th Cir. 2009).  In *Gapinski*, we held that a district court committed procedural error by wholly ignoring an argument for a lower sentence based on substantial assistance cooperation, an issue discussed at length both in Gapinski's sentencing memorandum and by both parties during sentencing.  *Id.* at 475.  That is a far cry from what happened here.  For one, *Gapinski* was not a plain error case.  *Id.* at 473–74.  For another, the substantial assistance argument there was a discrete and important issue at Gapinski's sentencing.  *Id.* at 475.  The health-related arguments at issue here, on the other hand, were part of a number of arguments about Johns's recent history and characteristics, and they merited only a passing reference to her "back and foot pain" by Johns's own attorney at sentencing.  More to the point, unlike in *Gapinski* where there was no evidence that the district court considered the defendant's key mitigation argument, here the district court discussed Johns's "well-written" sentencing memorandum and referenced the many mitigating circumstances that she raised, including concerns related to Johns's health, such as her age.  Put another way, we cannot say that the district court here failed to "listen[] to [Johns's] argument for a lower sentence," failed to "consider[] the supporting evidence," or lacked awareness of the "defendant's circumstances" when arriving at a proper sentence.  *Id.* at 477 (quotations omitted).

**B.**

That leaves Johns's argument that her sentence was too long "given her health issues." But because within-Guidelines sentences are presumptively reasonable, Johns faces a difficult task.  *See United States v. Owen*, 940 F.3d 308, 317 (6th Cir. 2019).  Here, the district court

thoughtfully considered the grave nature of Johns's offenses and balanced those concerns against the mitigating arguments Johns raised to arrive at an appropriate sentence.  We have no license to second guess that determination.  *Id.*  Lacking a "definite and firm conviction" that the district court erred by not imposing a lower sentence, Johns's substantive reasonableness challenge fails. *See Hymes*, 19 F.4th at 933.

## III.

We affirm the judgment of the district court.