NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0122n.06

Case No. 23-3411

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Mar 15, 2024 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DAVID HUMPHRIES, JR., | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: KETHLEDGE, READLER, and BLOOMEKATZ, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** While on federal supervised release, David Humphries, Jr. was convicted of a host of state law offenses. For these and other violations of the terms of his release, the district court sentenced Humphries to twenty-four months of confinement. On appeal, Humphries challenges the procedural and substantive reasonableness of his sentence. The district court's sentencing analysis, while admittedly sparse, was not procedurally deficient. Nor was the within-Guidelines sentence substantively unreasonable. Accordingly, we affirm.

## I.

Following a guilty plea to being a felon in possession of a firearm, the district court sentenced Humphries to thirty months of confinement and three years of supervised release. Humphries completed his term of confinement. But he struggled to comply with the conditions of his supervised release. He failed numerous drug tests, disobeyed instructions from the probation

office, and did not attend required cognitive behavioral treatment. Those shortcomings led the district court to order Humphries to complete inpatient drug treatment. When Humphries again shirked his obligations, the court ordered him to serve four months of confinement followed by two years of supervised release.

During his subsequent release term, Humphries's violations became more serious. He pleaded guilty in state court to felony escape and was found guilty at a bench trial of aggravated robbery with a firearm, robbery, abduction, and petty theft. The state court ordered Humphries to serve a total of six years of confinement.

Following these state convictions, the federal government again sought to revoke Humphries's supervised release. It requested a term of imprisonment within the Guidelines range, eighteen to twenty-four months of confinement. *See* U.S.S.G. § 7B1.4(a) (outlining terms of imprisonment for violations of supervised release). Humphries offered a number of grounds he believed favored a more lenient sentence: he was working toward a business degree, had children to support, had his own clothing company, and was participating in rehabilitative programs in prison. Humphries asked that any federal sentence be served concurrently with his state sentence.

After inquiring into Humphries's convictions, during which Humphries insisted that he was innocent of all but the escape charge, the district court explained its sentencing considerations. The court viewed Humphries as a "motivated" and "intelligent guy" with "a lot of promise." Nonetheless, the district court ordered Humphries to serve twenty-four months of confinement, consecutive with his state sentence.

The district court asked the parties if they had any objections. Counsel offered none. But Humphries himself interjected. He asked for a lower sentence, reasserting his innocence and reiterating his desire to spend time with his children. The district court responded that it was bound

by Humphries's convictions. Humphries then challenged the court's decision to run the sentences consecutively. Leaving its decision intact, the district court noted the presumption that the sentences run consecutively.

This timely appeal followed.

## II.

A.1. Humphries believes that his sentence was procedurally unreasonable because the sentencing judge inadequately addressed the various sentencing factors. Before tackling the substance of that argument, however, we must determine our standard of review. When properly preserved, we review for an abuse of discretion. *United States v. Taylor*, 800 F.3d 701, 713 (6th Cir. 2015). But where a defendant either fails to object altogether or "does not clearly articulate . . . the grounds upon which the objection is based," we review for plain error. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). That manner of review also applies to a defendant's failure to challenge "the adequacy of the court's *explanation* for the sentence." *United States v. Thomas-Mathews*, 81 F.4th 530, 539 (6th Cir. 2023) (citation omitted).

Here, the record is somewhat murky. After announcing the sentence, the district court, consistent with our case law, asked the parties if they had any additional objections. *See Bostic*, 371 F.3d at 872. Humphries's counsel stated, "Nothing further. Thank you." But Humphries spoke up: "I have something to say, for sure." Humphries reasserted his innocence, explained that he already had a six-year state sentence, and indicated that he wanted time with his children. He finished by questioning the value of imprisoning him for "two extra years."

To Humphries's eye, these statements preserved the issue of procedural reasonableness. We disagree. At no point did Humphries dispute the brevity of the district court's explanation or failure to address a particular statutory factor. Best understood, Humphries's attacks targeted the

sentence itself, which strikes us as substantive rather than procedural. *See United States v. Johns*, 65 F.4th 891, 893 (6th Cir. 2023) (noting "a substantive reasonableness challenge focuses on the length of the sentence itself"). That conclusion is reinforced by the purpose behind the preservation requirement, namely, to put the district court on notice of a potential error. *See Taylor*, 800 F.3d at 715 (finding a "fleeting and inexplicit" comment did not "put the district court on notice of [a procedural objection]"). Humphries's statements made it clear that he disagreed with the sentence, but they did nothing to alert the court to a potential procedural error.

Accordingly, we review for plain error. This requires Humphries "to show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (cleaned up).

2. As the name suggests, procedural reasonableness concerns how the court went about reaching the sentence, not the sentence itself. *See United States v. Tellez*, 86 F.4th 1148, 1154 (6th Cir. 2023). Such a challenge can take many forms. Humphries raises just one: the district court failed to explain adequately the reasoning behind his sentence. To that end, the district court "should set forth enough to satisfy [us] that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This includes creating a record to "'reflect[] consideration of certain factors' listed in 18 U.S.C. § 3553." *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005) (citation omitted). But we do not require a "'ritual incantation' of the [§ 3553] factors." *Id.* at 816 (citation omitted).

In many respects, we agree with Humphries that the district court's discussion of its sentencing rationale was less than ideal. Case in point, the court made no express reference to any

of the § 3553 factors. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). All we have in the record are observations that Humphries is a "motivated" and "intelligent guy" yet was "convicted of other felonies," coupled with the Guidelines range and the sentence imposed. On the other hand, the district court noted that it was familiar with Humphries's history and characteristics—having sentenced him three times before—which perhaps explains why the discussion was so short. *Cf. United States v. Mendez*, 498 F.3d 423, 428 (6th Cir. 2007) (permitting review of "the more thorough explanation furnished at the original sentencing" when considering a resentencing case).

But as in *Vonner*, we need not decide whether the district court's "brief explanation for this sentence sufficed" because Humphries fails to satisfy the other three elements of plain error. 516 F.3d at 387. First, we doubt whether the deficiency was so "obvious or clear" that the district court and the government were "derelict in countenancing it." *Id.* at 386 (citation omitted). Again, the district court need not list the § 3553 factors, use "magic words," or provide "a mechanical recitation of every factor or provision relied upon." *United States v. Potts*, 947 F.3d 357, 371 (6th Cir. 2020) (citation omitted). Nor need the court always offer a "lengthy explanation" should it "decide[] simply to apply the Guidelines to a particular case." *Rita*, 551 U.S. at 356. So we cannot say the district court's approach, even if error, was "clearly contrary to the law." *Johnson v. United States*, 520 U.S. 461, 468 (1997).

Second, Humphries fails to demonstrate how any error affected his substantial rights. To do so, he must show that "there is a reasonable likelihood the error[] impacted the sentence." *United States v. Doyle*, 711 F.3d 729, 735 (6th Cir. 2013) (citations omitted). We do not see any such effect. Consider the aggravating evidence against Humphries. This was his third revocation of supervised release in as many years—despite the district court offering him leniency in the past.

And in this string of offenses, the latest were violent felonies, the most serious of the bunch. Adding in the fact that Humphries's new convictions would likely increase his criminal history category to VI, it was reasonable to expect a sentence at the top of the Guidelines range. We do not see a "reasonable likelihood" that additional explanation from the district court would have led to a different sentence.

Third, we do not believe this error "affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (citation omitted). That is the case when, for instance, a procedural error materially altered the district court's deliberative process and resulted in a more severe sentence. *See, e.g.*, *Rosales-Mireles v. United States*, 585 U.S. 129, 143 (2018) (miscalculating the Guidelines range); *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010) (attributing criminal acts to the wrong individual). Not so here. Any error concerned only the depth of the court's explanation of its sentence, not the sentence itself. Nor, for reasons already explained, did any error lead to a more severe sentence, let alone a "miscarriage of justice." *United States v. Olano*, 507 U.S. 725, 736 (1993) (citation omitted).

Humphries invokes *United States v. Byrd*, 843 F. App'x 751 (6th Cir. 2021). But in addition to being unpublished, the case is distinguishable. There, the standard of review was abuse of discretion, the sentence was double the Guidelines range, and the district court discussed only the defendant's criminal conduct. *Id.* at 754–58. Here, on the other hand, we review for plain error, Humphries's sentence was within the Guidelines range, and the district court credited his positive characteristics—not merely his misconduct.

Nor does *United States v. Thomas-Mathews*, 81 F.4th 530 (6th Cir. 2023), affect our conclusion. There, the district court failed to respond to many of the defendant's arguments for a lower sentence, and the court's discussion of the defendant's "history and characteristics" was

limited to his criminal history. *Id.* at 546. In today's case, the district court's explanation, albeit terse, at least demonstrated some appreciation for Humphries's mitigation arguments and acknowledged more than his criminal history. The court noted that Humphries is intelligent and motivated, does not have a drug problem, and shows "a lot of promise." This was "something more than a simple and conclusory judicial assertion that the court ha[d] considered 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Id.* (cleaned up). The court's explanation was not so procedurally deficient to constitute plain error.

B. Next, Humphries challenges the substantive reasonableness of his sentence. As this issue need not be preserved, we review it for an abuse of discretion, irrespective of Humphries's objection. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). At the same time, a sentence within the Guidelines range—like the one here—is presumed reasonable. *Vonner*, 516 F.3d at 389. To overcome that presumption, Humphries bears the burden to show that the district court picked the sentence arbitrarily, relied on impermissible factors, failed to consider relevant factors, or gave an unreasonable amount of weight to a factor. *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (citation omitted). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51.

Humphries fails to clear this high hurdle. He merely reiterates the mitigation arguments he presented below and accuses the district court of failing to consider all of the relevant sentencing factors. Even with the discussed shortcomings, however, there is no evidence that the district court ignored the appropriate factors or improperly weighed them. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006) (noting that the failure to "give the defendant the exact sentence he sought is not a cognizable basis to appeal").

And then consider Humphries's recidivism.  This was his third set of violations of the terms of supervised release in under three years.  In like circumstances, we have affirmed above-Guidelines sentences.  *E.g.*, *United States v. Brown*, 501 F.3d 722, 726 (6th Cir. 2007) (third violation); *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (same).  Not to mention that Humphries's most recent violation (aggravated robbery with a firearm) was both serious and "similar to the crime for which []he was originally convicted" (illegal firearm possession).  *Kirby*, 418 F.3d at 628.  Taking this history together with the presumption of reasonableness, Humphries's within-Guidelines sentence is not substantively unreasonable.  Simply put, we see no abuse of discretion.

*       *       *       *       *

We affirm the judgment of the district court.