NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0165n.06

Case No. 23-1592

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 12, 2024
KELLY L. STEPHENS, Clerk

|                                        |     |                                                                                                  |
| -------------------------------------- | --- | ------------------------------------------------------------------------------------------------ |
| UNITED STATES OF AMERICA,              | )   |                                                                                                  |
|                                        | )   |                                                                                                  |
|     Plaintiff-Appellee,                | )   | ON APPEAL FROM THE UNITED                                                                         |
|                                        | )   | STATES DISTRICT COURT FOR                                                                         |
| v.                                     | )   | THE WESTERN DISTRICT OF                                                                           |
|                                        | )   | MICHIGAN                                                                                          |
| AMANDA NICOLE KOWALEWSKI,              | )   |                                                                                                  |
|                                        | )   |                                                                                                  |
|     Defendant-Appellant.               | )   | OPINION                                                                                           |
|                                        | )   |                                                                                                  |

Before:  SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

SUTTON, Chief Judge.  Amanda Kowalewski appeals a below-Guidelines 60-month sentence for a drug offense.  Because the district court thoroughly explained why it chose this sentence and did not otherwise violate Kowalewski's rights, we affirm.

In early 2022, Kowalewski agreed to sell $120 worth of methamphetamine as part of an undercover police investigation.  Kowalewski drove to the prearranged site, rolled down the window of her car, and either she or her companion threw out a bag containing 6.325 grams of methamphetamine.  Police stopped the car and arrested Kowalewski and her companion.  A search of their home uncovered additional methamphetamine and cocaine. A grand jury indicted Kowalewski for three counts relating to methamphetamine (conspiracy, distribution, and possession with intent to distribute) and two counts relating to cocaine (possession with intent to distribute).  In connection with a plea agreement, the Government agreed to drop four of the counts

in return for Kowalewski's guilty plea to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

The presentence report calculated a Guidelines sentencing range of 87 to 108 months in prison. Kowalewski asked the court to vary downward from that range and sentence her to probation to reflect her acceptance of responsibility, the mitigating circumstances of her prior convictions for prostitution-related offenses, and her minor role in the present drug offense, and to permit her to continue caring for her aging parents. The court acknowledged these "mitigating factors," R.128 at 39, but it concluded that Kowalewski's escalating pattern of criminal activity and the volume of "highly potent drugs" showed prison was necessary "to break the cycle," *id.* at 41–42. The court varied downward and imposed a sentence of 60 months.

On appeal, Kowalewski claims that her sentence is procedurally and substantively unreasonable.

*Procedural Reasonableness.* In sentencing someone, a district court must properly calculate the Guidelines range, treat the range as advisory, consider the § 3553(a) factors, refrain from considering impermissible factors, select a sentence based on facts that are not clearly erroneous, and adequately explain its ultimate choice. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Because Kowalewski did not object to her sentence on procedural-reasonableness grounds when given the chance at sentencing, we review the court's sentencing process for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). That high hurdle requires an obvious or clear error that affects the defendant's substantial rights and the overall fairness, integrity, or public reputation of the judicial proceedings. *Id.*

No such error occurred.  The district court properly calculated Kowalewski's offense level (27), criminal history category (III), and Guidelines range (87 to 108 months).  *See* U.S.S.G. ch. 5, pt. A.  Treating the range as "advisory," the court proceeded to consider all of the § 3553(a) factors.  R.128 at 38.  First factor (nature and circumstances of the offense and history and characteristics of the defendant):  the court acknowledged that Kowalewski had trafficked drugs but also noted her dedication to her family, her willingness to accept responsibility, and her work ethic.  Second factor (sentencing goals of punishment, deterrence, public safety, and rehabilitation):  the court noted the volume of potent drugs and explained that Kowaleski needed to be deterred from crimes that harmed the community.  Third factor (kinds of sentences available):  the court explained that a previous term of probation had not sufficed to help Kowalewski reform her ways.  Fourth and fifth factors (Guidelines range and pertinent policy statements):  it viewed the Guidelines range as a relevant factor.  Sixth factor (unwarranted sentence disparities):  the court acknowledged that defendants with Kowalewski's same offense level and criminal history category received average sentences of 76 months and median sentences of 72 months for this crime.  Seventh factor (restitution):  it does not apply.  In the light cast by these considerations, the court concluded that a 60-month sentence would prove "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."  *Id.* at 43.

Kowalewski objects that the district court failed to address all of her arguments for a downward variance.  But a district court does not err, let alone plainly err, when it does not address every point a defendant has raised.  *See United States v. Johns*, 65 F.4th 891, 893–94 (6th Cir. 2023); *United States v. Keller*, 498 F.3d 316, 327 (6th Cir. 2007).  The court satisfies its reason-giving duties when it shows that it "considered the parties' arguments" and offers "a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338,

356 (2007). The sentencing transcript makes clear that the court considered Kowalewski's arguments in full, and her briefing does not identify any "discrete and important issue" that the district court failed to address. *Johns*, 65 F.4th at 894.

Kowalewski adds that the district court committed plain error by failing to explain why it chose 60 months for her sentence "as opposed to some other sentence." Appellant's Br. 8. But the court had the duty to explain why it chose a particular sentence, not why it rejected every other possibility. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). The court offered plenty of reasons for its 60-month sentence under the § 3553(a) factors. *See United States v. Sexton*, 889 F.3d 262, 266 (6th Cir. 2018).

*Substantive Reasonableness.* Substantive reasonableness requires that a sentence is not "too long (if a defendant appeals) or too short (if the government appeals)." *Rayyan*, 885 F.3d at 442. A below-Guidelines sentence normally survives a defendant's challenge unless the § 3553(a) factors "are so compelling as to necessitate a shorter sentence." *United States v. Nunley*, 29 F.4th 824, 834 (6th Cir. 2022) (quoting *United States v. Kirchhof*, 505 F.3d 409, 414–15 (6th Cir. 2007)). We review the district court's sentencing choice for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

No such abuse occurred. The district court balanced Kowalewski's efforts to remain on "the right path" with her unfortunate tendency to stray into criminal activity and the seriousness of this drug offense. R.128 at 40. Accounting for the district court's front-row perspective and respecting its careful review of the relevant considerations, *Gall*, 552 U.S. at 51–52, we find nothing wrong with its choice of a below-Guidelines sentence—60 months—to address these concerns, *cf. United States v. Curry*, 536 F.3d 571, 574 (6th Cir. 2008). Kowalewski's unsupported

retort that "[t]he district court simply selected a sentence without any explanation," Appellant's

Br. 12, fails to account for these realities.

We affirm.