NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0332n.06

No. 24-6050

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 09, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE WESTERN DISTRICT OF TENNESSEE |
| JARVYS JONES, | ) ) | |
|     Defendant-Appellant. | ) | OPINION |

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Jarvys Jones challenges the procedural and substantive reasonableness of his 12-month sentence for two counts of wire fraud. We affirm.

Jones was a pastor at Temple of Refuge, an Arkansas church that he founded in 2007. Between June 2020 and January 2021, Jones submitted several fraudulent applications for loans under the Coronavirus Aid, Relief, and Economic Security Act. In those applications, Jones made false statements about, among other things, Temple of Refuge's number of employees, monthly payroll obligations, and gross revenue. Jones sought about $570,000 in loans and received about $175,000—at least some of which he used for his own personal benefit.

Federal regulators discovered Jones's fraud while investigating a broader scheme involving Rodrick Flowers—who had claimed to be a Certified Public Accountant and had helped Jones and others file false loan applications. A grand jury indicted Flowers, Jones, and eight other co-conspirators for wire fraud and related charges.

In April 2024, Jones pled guilty to two counts of wire fraud under 18 U.S.C. § 1343. At sentencing, the government asked for a sentence within the guidelines range of 21 to 27 months in prison, while Jones asked for a noncustodial sentence. The district court varied downward from the guidelines range and sentenced Jones to 12 months in prison, followed by two years of supervised release. The court also ordered Jones to pay about $175,000 in restitution. We review Jones's sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007).

A sentence is procedurally unreasonable if the court "wholly fails to address legitimate mitigating arguments raised by the defendant." *United States v. Johns*, 65 F.4th 891, 893 (6th Cir. 2023) (citation omitted). But when an argument is "conceptually straightforward," "we may assume, even absent express analysis by the judge, that the sentence reflects consideration of the argument." *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009) (citation omitted).

Here, Jones says the district court failed to consider that "the reason that he committed these acts"—the acts being fraud on the upon the government—was "to help continue the ministry efforts of his Church." Jones's argument is straightforward; the court heard him state during allocution that he had been motivated by a desire to help his church; and the court substantially varied downward from the guidelines range in imposing Jones's sentence. *See United States v. Houston*, 529 F.3d 743, 753-54 (6th Cir. 2008). On this record, we are satisfied that the court considered Jones's alleged motive in committing the crime at issue here. Jones's sentence therefore is procedurally reasonable.

Jones also argues that his sentence is substantively unreasonable because, he says, the court placed too much weight on deterrence, at the expense of the other § 3553 factors. But a sentence that is below the guidelines range is presumptively reasonable, and Jones has done nothing to displace that presumption here. *See id.* at 756-57. The court was within its discretion to emphasize

deterrence over the other factors.  *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

Jones's sentence is substantively reasonable.

The district court's judgment is affirmed.